COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Hector Mario Gonzalez v. The State of Texas

Appellate case number:   01-15-00394-CR

Trial court case number:  1397723

Trial court:                    174th District Court of Harris County

The complete record has been filed in the above-referenced appeal. Appellant's appointed counsel, J. Sidney Crowley, has not filed a brief on appellant's behalf. On July 3, 2015, the Clerk of the Court notified appellant that a brief had not yet been filed and required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). A response was due on July 13, 2015. On July 14, 2015, appellant's counsel filed a motion for extension, but Crowley did not ask for an extension to a future date (Crowley asked for an extension until the date she filed the motion–July 14, 2015). More than 60 days later, no brief has been filed.

We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, J. Sidney Crowley, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;

(2) if appellant does wish to prosecute the appeal, determine whether good cause exists to relieve J. Sidney Crowley of his or her duties as appellant's counsel;

(3) if good cause exists, enter a written order relieving J. Sidney Crowley of his or her duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4) if good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2014); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ <u>Harvey Brown</u>
        ☒ Acting individually
Date: September 22, 2015